## JOE ERTL v. T. J. GUNTER.[1]

February 21, 1924.

No. 23,813.

**Ownership of promissory note not an issue.**
    1. In an action brought on a promissory note by the payee in which the answer admits the execution, but alleges no delivery and want of consideration, and does not question ownership, and in which no request is made for an instruction as to ownership, the question of ownership is not before the court.

**Exclusion of corroborating testimony not error.**
    2. It is not error to exclude testimony corroborating a telephone talk which is in substance admitted.

Action in the district court for Chippewa county to recover $1,000 upon a promissory note. The case was tried before Qvale, J., and a jury which returned a verdict for $1,596.65. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John W. Peterson, C. A. Fosnes* and *John C. Haave,* for appellant.
*C. D. Bensel,* for respondent.

WILSON, C. J.
This is an action brought by plaintiff, the payee in a promissory note, to recover thereon. Defendant admits the execution but denies consideration and delivery.

One Hirschfield was an agent selling stock of the Great Western Mortgage & Loan Company. He and defendant were in plaintiff's place of business. Plaintiff says that defendant negotiated and gave the note for a $1,000 loan with which to buy stock from Hirschfield and that plaintiff turned over $100 cash and gave his check for $900, payable to the Great Western Mortgage & Loan Company and Hirschfield cashed the check the same day. De-

[1] Reported in 197 N. W. 282.

fendant claimed the note was signed and left with plaintiff with the understanding that he, the defendant, had until the next day to decide whether he would buy the stock. The claims of these two men were hopelessly inconsistent and the court instructed the jury that, if plaintiff loaned the money as he claimed he did, he was entitled to a verdict, but if he did not and the jury found that defendant's version was correct, that he never asked for a loan and never got any money either for himself or to be paid to Mr. Hirschfield, then they should find for defendant. They found for plaintiff. Defendant has appealed from an order of the court denying his motion for a new trial

The record shows that a certificate of the corporate stock which defendant bought, was in possession of plaintiff who tendered it to defendant before this suit was started. Appellant has made three assignments of error, viz: (1) Verdict not sustained by the evidence; (2) refusal of court to instruct a verdict in favor of the defendant on the ground that it appeared that the plaintiff was not the owner of the note or party in interest; and (3) ruling of court in excluding testimony of defendant's wife. The first assignment of error was abandoned on oral argument.

As to the second assignment, the record fails to show that any such request was made of the trial court. He made no such ruling. Plaintiff testified that he supposed he owned the note and that he had turned it over to another as collateral but had gotten it back. The pleadings do not raise this question. The note has no indorsement evidencing a transfer or negotiation. Sections 5842, 5843, G. S. 1913. But this question is not in the case, and this assignment is without merit.

The third assignment is based upon the ruling of the court excluding defendant's offer to prove by his wife that, on the following day after the note was signed, defendant phoned plaintiff advising that the deal was off and for him to keep the note, that he would be in that afternoon. This was apparently offered to corroborate defendant's version of the talk on the previous day. The court excluded the offer as immaterial because plaintiff had admitted on cross-examination that defendant had in substance so 'phoned him

and the court then remarked that if the note was given as claimed by plaintiff, this talk would not relieve the defendant.

The order appealed from is affirmed.